Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC., | ) | No. **C-11-02333 JCS** |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S MOTION FOR** |
| v. | ) | **ADMINISTRATIVE RELIEF FOR LEAVE** |
| | ) | **TO CONTINUE INITIAL CASE** |
| DOES 1-87, | ) | **MANAGEMENT CONFERENCE** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELEIF FOR LEAVE TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE**

Plaintiff Hard Drive Productions, Inc., by and through its undersigned counsel, and pursuant to Northern District of California Local Rule (hereinafter "L.R.") 7-11, hereby moves this Court for administrative relief for an order continuing the initial case management conference for good cause. At this point in the litigation, Plaintiff has been unable to issue Court authorized subpoenas to Internet Service Providers (hereinafter "ISPs") to identify, and later serve, the Doe Defendants in this suit. This is because the Court has not ruled on Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery (DKT#6, hereinafter "*Ex Parte* Application") from the ISPs. At this point, therefore, Plaintiff cannot properly identify, and thereby name, the Doe Defendants in this

suit. At the moment, it appears Plaintiff's case is stagnant. Thus, there is nothing to discuss and no one to discuss it with at the upcoming Initial Case Management Conference (hereinafter "ICMC").

For reasons more fully explained below, and in the Exhibit A attached hereto, "Declaration of Brett L. Gibbs in Support of Application for a Continuance" (hereinafter "Gibbs Decl."), Plaintiff respectfully requests that this Court continue the ICMC to **Friday, December 16, 2011, at 1:30 p.m. on the 15th Floor in Courtroom G of the San Francisco Federal Court**, or to a later date that is in accordance with this Court's schedule. This continuance should allow the Court time to rule on (or at least, assuming that the Court's delay could be attributable to it having further questions on Plaintiff's *Ex Parte* Application, possibly even schedule a hearing regarding) Plaintiff's *Ex Parte* Application, and, from there, allow Plaintiff time to evaluate its case in light of the Court's ruling.

## BACKGROUND

On May 11, 2011, Plaintiff filed this lawsuit alleging copyright infringement and conspiracy against Doe Defendants (DKT#1). The Clerk's Office scheduled the ICMC for August 19, 2011 (DKT#2). The deadline to "meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan," and submit ADR documents, was originally set for July 29, 2011 (*Id.*). On May 17, 2011, the Clerk of Court issued a Clerk's Notice notifying all parties that the ICMC was rescheduled for August 26, 2011 (DKT#8).

On May 13, 2011, Plaintiff filed its *Ex Parte* Application (DKT#6) with supporting exhibits. As of today, Plaintiff's *Ex Parte* Application is still pending before the Court.

## DISCUSSION

Given the circumstances, Plaintiff has one simple, yet cogent reason for requesting a continuation of the re-scheduled ICMC: Plaintiff is unable identify Doe Defendants at this juncture. The Court's June 15 Order denied Plaintiff its right to go forth with these subpoenas, and Plaintiff's

Revised *Ex Parte* Application, which if granted would allow Plaintiff to discover such information, is currently pending before the Court.

L.R. 16-2(d), entitled, "Relief from Case Management Schedule," reads, in part, as follows:

> By serving and filing a motion with the assigned judge pursuant to Civil L.R. 7, a party, … may seek relief from an obligation imposed by FRCivP 16 or 26 or the *Order Setting Initial Case Management Conference*. The motion must:
> (1) Describe the *circumstances which support the request*;
> (2) Affirm that counsel for the moving party has conferred with all other counsel to reach agreement about the matter and, for each other *party*, report whether that party supports or opposes the request for relief;
> (3) Be accompanied by proposed revised case management schedule…

(emphasis added).

At this point, Plaintiff's is simply waiting on the Court to issue an order on its *Ex Parte* Application. Until then, Plaintiff cannot perform any of the line items listed on the Court's Order Setting Initial Case Management Conference and ADR Deadlines (DKT#2). At this juncture – i.e. before getting an Order from the Court allowing Plaintiff to subpoena the ISPs provide identifying information of the Doe Defendant's in order for Plaintiff to carry forth with this suit – the ICMC would be entirely one-sided: Plaintiff would be meeting, alternatively disputing, and conferencing with itself. This would be a waste of Plaintiff's and the Court's valuable time and resources.

//
//
//
//
//
//
//
//

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court continue the ICMC from August 26, 2011, to **Friday, December 16, 2011, at 1:30 p.m. on the 15th Floor in Courtroom G of the San Francisco Federal Court**, or to a later date that is in accordance with this Court's schedule.

Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: July 24, 2011**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 24, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/  Brett L. Gibbs
Brett L. Gibbs, Esq.