Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DOE DEFENDANT ASSOCIATED WITH ) <br> IP ADDRESS 108.0.16.220, ) <br> Defendant. ) <br> ) <br> _____ ) | **No. C-11-02333 JCS** <br><br> **PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT** |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff Hard Drive Productions, Inc., by and through its counsel, hereby submits Plaintiff's Case Management Conference Statement pursuant to the Court's Order Setting Initial Case Management Conference (ECF No. 3), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

**1. Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 2), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*,

---

[1] The Subscriber connected directly to Internet Protocol address (hereinafter "IP address") 108.0.16.220 (hereinafter "Subscriber 108.0.16.220") was fully identified by his Internet Service Provider (hereinafter "ISP"). As specifically outlined in the proposed plan laid out in Plaintiff's Motion for Administrative Relief to Continue Initial Case Management Conference (ECF No. 17), Plaintiff attempted to contact the Doe Defendant numerous times via telephone and U.S. mail, and all such attempts failed as outlined in the Declaration of Brett Gibbs, attached hereto as Exhibit A. Plaintiff filed this Case Management Conference without the cooperation of Subscriber 108.0.16.220.

(commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution. Subscriber has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, the Doe Defendant, using IP address 108.0.16.220, either resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address of Doe Defendant to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

At this time, the remaining unidentified Doe Defendant—after the Court's Order Denying Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery and Order to Show Cause Re Improper Joinder (ECF No. 12, August 25, 2011, hereinafter "August 25 Order")—who used IP address 108.0.16.220 to illegally infringe on Plaintiff's copyrighted works has not been served for the simple reason that he has yet to be fully identified. While Plaintiff has received the Subscriber 108.0.16.220's identifying information, Subscriber 108.0.16.220 has ignored all of Plaintiff's counsel's attempts to meet and confer with him to determine the infringer's identity.

As the Court understands, in cases such as the present action, where the subscriber completely refuses any form of communication with Plaintiff's counsel, limited additional discovery is often needed to confirm that the subscriber may be named as a Doe Defendant. Additionally, this limited discovery can ultimately resolve the dispute. For example, in *Hard Drive Productions, Inc. v. Does 1-166*, 3:11-cv-01566 JCS (ECF No. 32), this Court allowed Plaintiff to conduct a four-hour, no document deposition of the subscriber. The goal of that deposition was to let Plaintiff's counsel ask the subscriber questions under oath that would ultimately (and hopefully) elicit answers that

would help enable Plaintiff to identify the actual infringer in that case. Through that deposition testimony, two things where successfully established: (1) the subscriber was not the likely infringer; and (2) the subscriber's adult son was the likely infringer. After the deposition testimony made these facts clear, the subscriber decided to enter into settlement discussions with Plaintiff's counsel. At that point, it was clear that no one on the subscriber's side wanted Plaintiff to name, and pursue a federal copyright case against, the subscriber's son. As such, a mutually agreeable settlement was negotiated, and the case was voluntarily dismissed with prejudice as to the Doe Defendant (i.e. the subscriber's son) associated with the relevant IP address. The deposition allowed Plaintiff to identify the infringer, and the subscriber (and those associated with the infringer) to negotiate a quick and easy settlement without his son being identified in the process. All of this occurred with very minimal court involvement – in fact, the Court merely signed the order allowing for the deposition, and the litigants took over from there.

Plaintiff believes that a deposition could produce a similar result in this case. If granted, the deposition discovery should give Plaintiff enough information to either identify the Doe Defendant, or allow Plaintiff to rule out certain individual "suspects," including, possibly, Subscriber 108.0.16.220 himself. Only if the deposition fails to reveal the information Plaintiff requires to form a reasonable basis to determine whether the subscriber is—or is not—the Doe Defendant would Plaintiff contemplate requesting leave from the Court to take what may be more intrusive discovery. Obviously, Plaintiff cannot proceed in this litigation against Subscriber 108.0.16.220 if he is allowed to bury his head in the ground, and decides to ignore Plaintiff's counsel and this case. Plaintiff requires Court intervention to ensure compliance. If it does not happen, then the Doe Defendant will have stolen Plaintiff's copyrighted works with no repercussion.

After making its determination as to the correct Defendant, Plaintiff will effectuate service.

**2. Facts:**

Plaintiff is a corporation that holds the copyright to certain adult entertainment content. Doe Defendant is an alleged copyright infringer.

Doe Defendant, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Defendant operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Due to the quasi-anonymous fashion in which Doe Defendant conducted him/herself online, Plaintiff is unaware of Doe Defendant's actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information.

Through unique proprietary software, Plaintiff's agents identified Doe Defendant by a unique IP address, assigned to him by his ISP on the date and at the time of Doe Defendant's infringing activity. Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that Doe Defendant unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was copyrighted by Plaintiff. A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on each Doe Defendant was accurate.

Through Plaintiff's agents' work, it is overwhelmingly clear that an unidentified individual using the identified Internet Protocol address 108.0.16.220, which was assigned to Subscriber 108.0.16.220 by his ISP, unlawfully downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. The only remaining question is: Was it Subscriber 108.0.16.220 who downloaded Plaintiff's copyrighted work through Subscriber 108.0.16.220's IP address, or another individual in his household, using his online network.

**3. Legal Issues:**

Plaintiff states a *prima facie* case for copyright infringement.

///

///

///

**4. <u>Motions</u>:**

On May 5, 2011, Plaintiff filed an *Ex Parte* Application for, and Memorandum of Law in Support of, Leave to Take Expedited Discovery. (ECF No. 6.) On August 25, 2011, that Application was denied through the Court's August 25 Order. (ECF No. 11.)

On July 24, 2011, Plaintiff filed its *Ex Parte* Application for Leave to Continue Initial Case Management Conference. (ECF No. 9.) On July 26, 2011, that motion was granted. (ECF No. 11.)

On December 7, 2011, Plaintiff filed its *Ex Parte* Application for Leave to Continue Initial Case Management Conference. (ECF No. 17.) On December 9, 2011, that motion was granted. (ECF No. 21.)

**5. <u>Amendment of Pleadings</u>:**

None.

**6. <u>Evidence Preservation</u>:**

Plaintiff's agents at Media Copyright Group, LLC ("MCG") engaged in real time monitoring of Doe Defendant's infringing activity using its proprietary software. MCG's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. MCG's processes are designed to ensure that information gathered about Doe Defendant is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by MCG for trial.

In addition, once Subscriber 108.0.16.220 was identified by Plaintiff, he was quickly served with a letter from Plaintiff's counsel notifying him that he must not dispose of, erase, alter, etc. anything on his computer, or elsewhere, relevant to this matter.

**7. <u>Disclosures</u>:**

Plaintiff is in the process of formulating and filing initial disclosures for the Initial Case Management Conference.

**8. <u>Discovery</u>:**

Subscriber 108.0.16.220 is purposefully avoiding Plaintiff's litigation attempts. Without being able to discuss the case with Subscriber 108.0.16.220, Plaintiff is not able to determine who

the Doe Defendant associated with IP address 108.0.16.220 is. Considering that Subscriber 108.0.16.220 has ignored Plaintiff's efforts to make such inquiries in an informal manner, Plaintiff proposes a formal path that will compel his participation.

Plaintiff requests a four-hour deposition of Subscriber 108.0.16.220 to determine the Doe Defendant associated with IP address 108.0.16.220. This simple request is reasonable under the circumstances because: (1) such discovery is limited and falls well within the scope of discovery permitted under the Federal Rules of Civil Procedure; (2) such discovery is reasonably calculated to yield identity of the party who has infringed Plaintiff's copyrights (who then can be named and served with process); and (3) such discovery has proven to be effective in other similar cases in which Plaintiff's counsel has been directly involved in. (*See, e.g., Hard Drive Productions, Inc. v. Does 1-166*, 3:11-cv-01566 JCS (ECF Nos. 32, 33).

In the interests of judicial economy, Plaintiff asks this Court to authorize this subpoena for this one single, basic, unintrusive discovery device. Plaintiff will set up the deposition within 100 miles of the deponent's work or residence, and will pay the necessary expenses. Should the Court require Plaintiff to fully brief this issue, Plaintiff will happily do so for the Court.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that the Doe Defendant infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that Doe Defendant has injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against Doe Defendant, enjoinng and restrianing the Doe Defendant and all others in active concert with him/her from further violating Plaintiff's copyrighted

works, and further issue an order impounding or requiring Doe Defendant to destroy all copies of those unlawfully copyrighted files in Doe Defendant's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against Defendant for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

**12. Settlement and ADR:**

Settlement is inapplicable at this point. There is no one to settle with.

Currently, the Court has not scheduled an ADR Phone Conference despite Plaintiff's request. (*See* ECF. No. 19). Practically speaking, however, at this point, without an identifiable Defendant in this case, there seems to be no need for such a Conference.

**13. Consent to Magistrate Judge For All Purposes:**

Plaintiff has consented to proceed in front of the Honorable Magistrate Judge Joseph C. Spero for all purposes.

**14. Other References:**

None that the parties can identify at this time.

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner. However, again, Plaintiff will need to conduct the aforementioned discovery prior to solidifying its case against Doe Defendant. On the other hand, Plaintiff is confident that it could accomplish the necessary discovery in an expedited manner as long as Subscriber fully cooperates with Plaintiff's requests.

///

///

**17. Scheduling:**

At this point, considering that Plaintiff's counsel cannot get in touch with Subscriber 108.0.16.220, no schedule has been agreed upon, or even proposed. Further, without a Defendant being involved in this process, or knowing whether there will be a Defendant in this matter at all (i.e. whether the Court will allow Plaintiff to proceed with its further discovery) any schedule would be impossible to map out at this point.

**18. Trial:**

Currently, without knowing the extent of the witnesses and physical evidence that will be presented at trial, Plaintiff would only be making an absolute guess as to how long a trial would take. Should the Court require that guess, Plaintiff would estimate two full days.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed its Certification of Interested Entities or Persons. Subscriber has not filed his Certification of Interested Entities or Persons.

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

**20. Other Matters:**

None.

///
///
///
///
///
///

Respectfully Submitted,

            PRENDA LAW INC.,

**DATED: January 6, 2012**

          By:   /s/ Brett L. Gibbs, Esq.

          Brett L. Gibbs, Esq. (SBN 251000)
          Prenda Law Inc.
          38 Miller Avenue, #263
          Mill Valley, CA 94941
          blgibbs@wefightpiracy.com
          *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 6, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.