IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**FILED**

HARD DRIVE PRODUCTIONS, INC.,

CASE No. C-11-02333 JCS

Plaintiff,

JAN 1 1 2012

v.

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DOES 1-87,

ANSWER OF A. LOPEZ TO COMPLAINT
OF PLAINTIFF

A. LOPEZ
DOE DEFENDANT #1 ASSOCIATED
WITH IP ADDRESS 108.0.16.220

_____/

NOW COMES A. LOPEZ, DOE DEFENDANT #1 ASSOCIATED WITH IP

ADDRESS 108.0.16.220 (Defendant), acting and responding alone, files this Answer to

the original Complaint filed by Hard Drive Productions, Inc. (Plaintiff) as follows:

1. Defendant denies each and every allegation of Paragraph 1 of the complaint.

2. Defendant is without knowledge of information sufficient to admit or deny the facts

   contained in Paragraph 2 of the complaint.

3. Defendant denies each and every allegation of Paragraph 3 of the complaint with the

   exception that Defendant admits to being a resident of the State of California.

4. Defendant is without knowledge of information sufficient to admit or deny the facts

   contained in Paragraph 4 of the complaint.

5. Defendant is without knowledge of information sufficient to admit or deny the facts

   contained in Paragraph 5 of the complaint.

6. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 6 of the complaint.

7. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 7 of the complaint.

8. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 8 of the complaint.

9. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 9 of the complaint.

10. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 10 of the complaint.

11. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 11 of the complaint.

12. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 12 of the complaint.

13. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 13 of the complaint.

14. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 14 of the complaint.

15. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 15 of the complaint.

16. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 16 of the complaint.

17. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 17 of the complaint.

18. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 18 of the complaint.

19. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 19 of the complaint.

20. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 20 of the complaint.

21. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 21 of the complaint.

22. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 22 of the complaint.

23. Defendant denies each and every allegation of Paragraph 23 of the complaint.

24. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 24 of the complaint.

25. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 25 of the complaint.

26. Defendant denies each and every allegation of Paragraph 26 of the complaint. Defendant alleges that Plaintiff did not register a copyright with the US Copyright Office within three months of production or prior to the alleged infringement.

27. Defendant denies each and every allegation of Paragraph 27 of the complaint.

28. Defendant denies each and every allegation of Paragraph 28 of the complaint.

29. Defendant denies each and every allegation of Paragraph 29 of the complaint.

30. Defendant denies each and every allegation of Paragraph 30 of the complaint.

    Pursuant to Section 412 of the Copyright Act provides that:

    no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for — ... (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

    17 U.S.C. § 412.

31. Defendant denies each and every allegation of Paragraph 31 of the complaint.

    Pursuant to Section 412 of the Copyright Act provides that:

    no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for — ... (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

    17 U.S.C. § 412.

32. Defendant is without knowledge of information sufficient to admit or deny the facts contained in Paragraph 32 of the complaint.

33. Defendant denies each and every allegation of Paragraph 33 of the complaint.

34. Defendant denies each and every allegation of Paragraph 34 of the complaint.

35. Defendant denies each and every allegation of Paragraph 35 of the complaint.

36. Defendant denies each and every allegation of Paragraph 36 of the complaint.

37. Defendant denies each and every allegation of Paragraph 37 of the complaint.

38. Defendant denies each and every allegation of Paragraph 38 of the complaint.

39. Defendant denies each and every allegation of Paragraph 39 of the complaint.

40. Defendant incorporates paragraphs 1-39 herein and denies the truth of allegations as set forth above.

41. Defendant was not engaged in a commercial enterprise, did not copy, sell, lease, transfer, distribute or display any alleged material which Plaintiff claims was projected under the law of public or others.

42. Defendant denies the use of the BitTorrent protocol and BitTorrent Client as alleged or any of the processes involved as described in the Complaint. Defendant further denies copying the constituent elements of any alleged registered work belonging to Plaintiff.

43. Defendant denies that Plaintiff failed to authorize, permit or consent to any copying of the alleged work. Defendant asserts that Plaintiff set a course of action in process to entice others to download materials from the internet purely for the purpose of initiat-

ing sham litigation in the hope of obtaining settlements instead of sales from the al-leged work.

44. Defendant denies that any laws, including those alleged, were violated by the Defend-ant. Defendant denies reproducing, distributing, re-distributing, selling by public or private sale, transferring ownership, renting, leasing, loaning any alleged work claimed by Plaintiff. Defendant further denies the performance of the alleged copyrighted work in violation of any laws including those alleged in the Complaint.

45. Defendant denies that any infringement occurred or that Defendant took any act wheth-er intentional, willful or negligent in violation of any law including the law alleged in the Complaint.

46. Defendant denies that Plaintiff has suffered any actual damage, real, or imagined or that any claimed damages were actually or proximately caused by any defendants. De-fendant further denies that Plaintiff had sales, lost, and suffered from a price erosion and diminution of the value of the alleged copyrighted work.

47. Defendant did not cohort with others in downloading and uploading material which was allegedly projected works of Plaintiff.

## AFFIRMATIVE DEFENSES

48. Defendant asserts failure to properly register the alleged work with the US Copyright Office before filing this suit precludes Plaintiff from any claim for attorney fees and statutory damages.

49. Defendant asserts that the Register of Copyrights in a proper party to this action to assist the Court in determining the "registrability" of the work which Plaintiff claims was infringed upon by others.

50. Pursuant to § 412 of the Copyright laws, Plaintiff is not entitled to statutory attorney's fees and damages inasmuch as the alleged copyrighted work was not preregistered nor registered with the US Copyright Office within 3 months of the claim of initial publication.

51. Defendant asserts that Plaintiff has failed to state facts upon which relief can be granted and; therefore, the Complaint in its entirety should be dismissed.

52. Defendant asserts that Plaintiff is engaged in a litigation sham to entice consumers to link into its website and the websites of others for the purpose of creating a trail which it can use to claim a violation of copyright laws for the purpose of forcing profits through litigation rather than earning legitimacy in the marketplace.

53. Defendant asserts that Plaintiff has not been damaged.

54. Defendant asserts that Plaintiff has not lost revenue in the marketplace as a result of the actions alleged in this Complaint against these isolated Doe Defendants.

55. Defendant asserts that no viewing of Plaintiff's work occurred.

56. Defendant asserts that Plaintiff has intentional misjoinder non-related Defendants, whose only commonality is State of Resident and the Plaintiff has no information linking said Defendants to any common course of conduct with regard to internet usage or purported downloads of internet materials.

57. Defendant asserts that Plaintiff has made fraudulent statements in documents Docket 17 and Docket 22.

58. Defendant asserts the Subscriber is female, not a male, as addressed multiple times by the Plaintiff in Docket 17 and 22. One would assume having the Subscriber's contact information as Plaintiff claims, sending mail and leaving voice messages as the Plaintiff claims; Plaintiff would assign the correct gender when addressing the Subscriber over and over (See Docket No. 22, Exhibit A – Declaration of Brett L. Gibbs, ¶ 3). For more examples, "Obviously, Plaintiff cannot proceed in this litigation against Subscriber 108.0.16.220 if **he** is allowed to bury **his** head in the ground, and decides to ignore Plaintiff's counsel and this case." (See Docket 22, Jurisdiction and Service) "In addition, once Subscriber 108.0.16.220 was identified by Plaintiff, **he** was quickly served with a letter from Plaintiff's counsel notifying **him** that **he** must not dispose of, erase, alter, etc. anything on his computer, or elsewhere, relevant to this matter. (See Docket 22, Evidence Preservation)

59. Defendant asserts that Plaintiff has made no attempts at communication via mail and telephone calls to Subscriber prior to December 7, 2011 as stated by Plaintiff. (See Docket No. 17, *Background.*)

60. Defendant asserts Subscriber has received one letter from Prenda Law 111 Lincoln Rd. #400 Miami Beach, FL 33139, dated December 6, 2011, and received by U.S. Mail on December 10, 2011 (See Exhibit A), not *numerous* letters as Plaintiff claimed. (See Docket No. 22, Exhibit A – Declaration of Brett L. Gibbs, ¶ 3). "Numerous" as defined by Merriam-Webster Dictionary: consisting of great numbers of units or individuals.

61. Defendant asserts Subscriber has received only two voice messages left on Subscriber's voice mail by Mark Lutz on behalf of the Plaintiff. Caller ID displayed the number of (786) 276-2506 (See Exhibit B) and Mark Lutz left a call back number at (305) 748-2102. First voice message was received on December 13, 2011 with a message to settle with the Plaintiff. Second voice message was received on December 22, 2011 to notify the Defendant that the original settlement offer of $3,400 had expired and to call back to avoid being named in the lawsuit. Two messages are not consistent to Plaintiff's claim that *several* voice messages were left to the Subscriber. (See Docket No. 22, Exhibit A – Declaration of Brett L. Gibbs, ¶ 3). "Several" as defined by Merriam-Webster Dictionary: more than two but fewer than many.

62. Defendant asserts that Plaintiff has been intimidating and threatening through the process and Defendant fears retaliation by Plaintiff if a subpoena for a deposition is granted. With insufficient funds to acquire counsel for representation, Defendant fears strong arm and scare tactics to be used by Plaintiff if a deposition is granted.

63. Defendant asserts the Plaintiff has engaged in unclean hands.

## PRAYER

Therefore, Defendant respectfully request relief as follows:

       A.  Enter Judgment in favor of the Defendant and against Plaintiff

       B.  Dismiss the Complaint as premature for failure to register the copyright with the US Copyright office prior to filing this suit.

       C.  That Plaintiff takes nothing as a result of its complaint and immediately stops harassment of Defendant.

       D.  Award cost and fees, if any, to Defendant.

       E.  Enjoin Plaintiff from filing future Complaints against non-related Defendants who have not engaged in continuity of acts.

DATED this 09 day of January, 2012.

Respectfully submitted,

A. Lopez
Defendant Doe #1
Associated with
IP Address 108.0.16.220
*Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on 01/09/2012, I served a copy of the foregoing document, via US Mail, on:

Brett L. Gibbs, Esq.
Prenda Law Inc.
38 Miller Avenue #263
Mill Valley, CA 94941

# EXHIBIT A





**renda Law** Inc.

Protecting Intellectual Property

December 6, 2011

**VIA U.S. MAIL**
A███████ Lopez
███████████████

> **Re:** *Hard Drive Productions, Inc. v. John Does 1-87*
> *3:11-cv-02333-JCS, Ref #6158*

Dear A███████ Lopez:

Prenda Law Inc. has been retained by Hard Drive Productions, Inc. to pursue legal action against people who illegally downloaded their copyrighted content (i.e., "digital pirates"). Digital piracy is a very serious problem for adult content producers, such as our client, who depend on revenues to sustain their businesses and pay their employees.

On 11 April 2011 (UTC), our agents observed the IP address with which you are associated illegally downloading and sharing with others via the BitTorrent protocol the following copyrighted file(s):

> ***Amateur Allure - Lexi Belle***
>
> *The ISP you were connected to: Verizon Online*
>
> *Your IP Address you were assigned during your illegal activity: 108.0.16.220*

We have received a subpoena return from your ISP confirming that you are indeed the person that was associated with the IP address that was performing the illegal downloading of our client's content listed above on the exact date(s) listed above.

On May 11, 2011 we filed a lawsuit in United States Federal Court in the Northern District of California against several anonymous digital pirates (Hard Drive Productions, Inc. v. John Does 1-87). Under the Federal Rules of Civil Procedure, our lawsuit against you personally will not commence until we serve you with a Complaint, which we are

---

Fax: 312.893.5677      161 N Clark St., Suite 3200, Chicago, IL 60601      Tel: 312.880.9160
Fax: 305.748.2103      1111 Lincoln Rd., Suite 400, Miami Beach, FL 33139      Tel: 305.748.2102

**www.wefightpiracy.com**

prepared to do if our settlement efforts fail. While it is too late to undo the illegal file sharing associated with your IP address, we have prepared an offer to enable our client to recover damages for the harm caused by the illegal downloading and to allow both parties to avoid the expense of a lawsuit.

Under the Copyright Law of the United States, copyright owners may recover up to $150,000 in statutory damages (in cases where statutory damages are applicable, which may or may not be the case here) per infringing file plus attorney's fees in cases, whereas here, infringement was willful.  In it least one case where the Copyright Law has been applied to digital piracy and statutory damages were applicable, juries have awarded over $20,000 per pirated file.  During the RIAA's well-publicized campaign against digital music piracy, over 30,000 people nationwide settled their cases for amounts ranging from an average of $3,000 to $12,000. More recently, on December 22, 2010, a case in which a defendant was accused of illegally downloading six works via BitTorrent, a settlement was reached for $250,000.

In light of these factors, we believe that providing you with an opportunity to avoid litigation by working out a settlement with us, versus the costs of attorneys' fees and the uncertainty associated with jury verdicts, is very reasonable and in good faith.

In exchange for a comprehensive release of all legal claims in this matter, which will enable you to avoid becoming a named Defendant in our lawsuit, our firm is authorized to accept the sum of **$3,400.00** as full settlement for the claims.  This offer will expire on **12/20/2011 at 4:00 p.m. CST**.  If you reject our settlement offers, we expect to serve you with a Complaint and commence litigation.

To reiterate: if you act promptly you will avoid being named as a Defendant in the lawsuit.  You may pay the settlement amount by:

Mailing a check or money order payable to "Prenda Law Inc. Trust Account" to:

> **Prenda Law Inc.**
> **1111 Lincoln Rd., Suite 400**
> **Miami Beach, Florida 33139;**

Completing and mailing/faxing the enclosed payment authorization to:

> **Prenda Law Inc.**
> **1111 Lincoln Rd., Suite 400**
> **Miami Beach, Florida 33139**
> **Facsimile: (305) 748-2103**.

Be sure to reference your case number and your "Ref#" on your method of payment.  Regardless of your payment method, once we have processed the settlement, we will mail you your signed Release as confirmation that your payment has been processed and that you have been released from the lawsuit.

*Legal Correspondence – Settlement Purposes Only – Not Admissible Under FRE 408*

Please consider this letter to constitute formal notice that until and unless we are able to settle our client's claim against you, we demand that you not delete any files from your computer or any other computers under your control or in your possession. If forced to proceed against you in a lawsuit, we will have a computer forensic expert inspect these computers in an effort to locate the subject content and to determine if you have deleted any content. If in the course of litigation the forensic computer evidence suggests that you deleted media files, our client will amend its complaint to add a "spoliation of evidence" claim against you. Be advised that if we prevail on this additional claim, the court could award monetary sanctions, evidentiary sanctions and reasonable attorneys' fees. If you are unfamiliar with the nature of this claim in this context, please consult an attorney.

We strongly encourage you to consult with an attorney to review your rights in connection with this matter. Although we have endeavored to provide you with accurate information, our interests are directly adverse to yours and you should not rely on the information provided in this letter for assessing your position in this case. Only an attorney who represents you can be relied upon for a comprehensive analysis of our client's claim against you.

Enclosed, please find a Frequently Asked Questions sheet, a payment authorization form and a sample of the Release that you will receive. We look forward to resolving our client's claim against you in an amicable fashion, through settlement.

Sincerely,

Paul A. Duffy
Attorney and Counselor at Law

Enclosures

## <u>FREQUENTLY ASKED QUESTIONS</u>

**Q:    Why did I receive this letter?**

   A:    You received this letter because copyright infringement involving your Internet account
         was detected by our agents and corroborating information was provided by your ISP.

**Q:    Why are copyright lawsuits normally filed?**

   A:    Copyright owners file lawsuits because they have no other way to recover revenues lost
         to digital piracy on peer-to-peer networks like BitTorrent.  Digital piracy is threatening
         entire areas of creative works, including the film industry, the music industry, digital
         books, software developers, and many other creative professionals.

**Q:    What are the benefits of settling?**

   A:    The benefits of settling include avoiding the time and expense of litigation and associated
         risks.  Once you are released from a lawsuit, you cannot be found liable for acts
         associated with the lawsuit anytime in the future.

**Q:    Will I remain anonymous if I settle prior to being named as a party to this lawsuit?**

   A:    Yes, you will remain anonymous if you settle prior to being named.

**Q:    Has my privacy been violated?**

   A:    No.  A copyright infringement was detected over the public Internet or a Peer-to-Peer
         (P2P) Network involving your Internet connection.

**Q:    What if I have an unsecured wireless network/router?**

   A:    The Internet Service Provider (ISP) account holder is responsible for securing the
         connection and may be legally responsible for any infringement(s) that result from an
         unsecured wireless network/router.  This "defense" has been raised in many criminal
         matters regarding such crimes as child pornography, and the courts have generally
         rejected this defense.  As far as we are aware, this defense has never been successfully
         argued, in multiple contexts, including child pornography and civil copyright infringements
         actions.

**Q:    I haven't infringed on a copyright, why did I receive a notice?**

   A:    If you are unfamiliar with the content, we normally find that the infringement was the
         result of a spouse, child, roommate, employee, or business associate uploading,
         downloading or otherwise sharing or displaying the copyright protected material over your
         Internet connection. Infringements can also result from an unsecured wireless network. In
         any of these scenarios the Internet Service Provider (ISP) account holder may be held
         legally responsible for the infringement(s) and settlement fees.

*Legal Correspondence – Settlement Purposes Only – Not Admissible Under FRE 408*

Q:   What if I own a business and an employee infringed on a copyright?

A:   The Internet Service Provider (ISP) account holder may be responsible for securing the connection and may be legally responsible for any infringement(s) that occur. We normally find that business owners pass on out-of-pocket costs to the employee that was responsible for the infringement(s).

Q:   Will this go away if I just remove the file(s) from my computer(s)?

A:   No. In fact, removing the file(s) associated with your case(s) is a breach of your obligation to preserve electronic evidence.

Q:   I looked up my IP Address on my computer and it does not match the IP Address listed in your demand letter.

A:   Almost all IP Addresses used today are done so dynamically. This means that your ISP regularly changed the IP address assigned to your computer or router. At the exact moment that our agents observed your account being involved in infringement activity, your IP address was the one listed on the demand letter you received. Your ISP has maintained sophisticated records that clearly show your computer or router had the IP address we observed committing the infringement at the time listed in the demand letter.

Q:   What happens if I ignore this settlement offer?

A:   Once our office has determined that you do not wish to settle, or we receive indication that you are evading our good faith efforts to resolve this matter outside of court, our client will proceed to file a suit in federal court under Title 17. Our client will also continue its investigation by expanding discovery efforts, which would include the following: Depositions of subscribers and other users of the subscribers network including family, friends, and associates, forensic analysis of their computer equipment, a network survey, and a subpoena to collect internet activity related to the subscriber's account.

Q:   How do I know that you are legally authorized act on behalf of the copyright owner?

A:   We are a law firm that has been hired by the Plaintiff in this matter. If you wish to receive additional information proving that we are legally authorized to act on behalf of the copyright owner(s) please contact us.

Q:   Do I need to hire an attorney?

A:   The decision to hire an attorney is completely up to you. We cannot give you legal advice, but speaking with an attorney is generally highly advisable. Some infringers have indicated to us that our settlement offer is significantly lower than the costs associated with hiring an attorney and litigating the matter through trial.

*Legal Correspondence – Settlement Purposes Only – Not Admissible Under FRE 408*

**Q:**     **How do I make this go away?**

      **A:**     Paying the settlement fee will immediately release you from liability and close the case.

*Legal Correspondence – Settlement Purposes Only – Not Admissible Under FRE 408*



**renda Law** Inc.

Protecting Intellectual Property

## PAYMENT AUTHORIZATION

I hereby authorize Prenda Law Inc. to withdraw funds from the bank account or credit card listed below for the settlement amount and legal issue referred to on my Release and herein below.

Case Name and Ref#: _____

**PAYOR INFORMATION**

Payor's Name: _____

Billing Address: _____

_____

Telephone Number: _____

Signature: _____   Date: _____

---

**PAYMENT INFORMATION**

Payment amount:    $_____

Name on Bank Account / Credit Card:    _____

If paying via bank account:

Type of Account: Checking / Savings

Routing Number:_____   Account Number:_____

If paying via credit card:

Card Number: _____   Exp. Date: _____

Card Type:    ☐ Master Card  ☐ Visa  ☐ AmEx      ☐ Discover

CID Number: _____ (this is the last three digits on the back of your Master Card, Visa, or Discover Card, or the four digit number in the upper right corner on the front of your AmEx)

---

### Fax or mail this authorization to:

**Prenda Law Inc.**
**1111 Lincoln Rd., Suite 400**
**Miami Beach, FL 33139**

Fax: 312.893.5677      161 N Clark St., Suite 3200, Chicago, IL 60601      Tel: 312.880.9160
Fax: 305.748.2103      1111 Lincoln Rd., Suite 400, Miami Beach, FL 33139      Tel: 305.748.2102

w w w . w e f i g h t p i r a c y . c o m

# EXHIBIT B



NOTE:  Screenshot taken of VoiceMail Inbox.  All numbers not related to this suit have

been blacked out